# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DARIN A. JONES,
          Appellant,

v.

DEPARTMENT OF JUSTICE,
          Agency.

DOCKET NUMBER
DC-315I-12-0847-R-1

DATE: September 16, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Morris E. Fischer</u>, Esquire, Silver Spring, Maryland, for the appellant.

<u>Gail Serenco</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a request to reopen his termination appeal, which was dismissed for lack of jurisdiction. For the reasons set forth below, we DENY the appellant's request to reopen.

In September 2012, the appellant filed a Board appeal challenging his termination and raising discrimination and retaliation claims. MSPB Docket

---

[1]A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

No. DC-315I-12-0847-I-1, Initial Appeal File (IAF), Tab 1. The administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant was not preference eligible and therefore did not have adverse action appeal rights before the Board. IAF, Tab 10, Initial Decision. The appellant filed a petition for review of the initial decision, but the Board denied his petition by final order in October 2013. *Jones v. Department of Justice*, MSPB Docket No. DC-315I-12-0847-I-1, Final Order (Oct. 28, 2013). The appellant unsuccessfully sought reconsideration of the Board's final order in November 2013. He also unsuccessfully requested reopening of his appeal in April 2015 and January 2016. In addition, the appellant has unsuccessfully pursued his claims in Federal court. He filed his most recent reopening request in December 2019, arguing that reopening is warranted in light of the U.S. Supreme Court's decision in *Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). Request to Reopen File, Tab 1.

The Board may at any time reopen any appeal in which it has issued a final order or in which an initial decision has become the Board's final decision by operation of law. The Board will exercise its discretion to reopen an appeal only in unusual or extraordinary circumstances and generally within a short period of time after the decision becomes final. 5 C.F.R. § 1201.118. Such a short period of time is usually measured in weeks, not years. *Jennings v. Social Security Administration*, 123 M.S.P.R. 577, ¶ 17 (2016). In deciding whether to reopen a closed appeal, the Board will balance the desirability of finality against the public interest in reaching the correct result. *Id.*

The Board has held that reopening may be appropriate when there is a clear and material legal error generally confined to a conflict between the holding of the decision and a controlling precedent or statute, either because of an oversight or a change in the controlling law between the date of the original decision and any reopening request. *Hayes v. Department of the Army*, 106 M.S.P.R. 132, ¶ 6 (2007).

The appellant argues that *Perry* constitutes a change in law that warrants reconsideration of the Board's final decision, but he filed this reopening request more than 2 years after *Perry* was decided, almost 4 years after the Supreme Court denied his petition for certiorari in his direct appeal from the Board's decision, and more than 6 years after the Board issued its decision. We find that reopening is not warranted at this late date. *See Marshall v. Government Printing Office*, 43 M.S.P.R. 346, 350-51 (1990) (denying a motion to reopen an appeal 3 years after the Board's final decision on the merits despite intervening precedent calling into question whether the Board had jurisdiction to consider a disability discrimination claim against the respondent agency); *see also Moriarty v. Rhode Island Air National Guard*, 56 M.S.P.R. 144, 148-50 (1992) (denying a motion to reopen an appeal filed 18 months after the Board's final decision despite an intervening change in Board precedent).[2]

In addition to arguing based on change in law, the appellant also makes various arguments that his appeal was simply wrongly decided. The appellant has had multiple opportunities to raise those arguments before the Board and in court over the past several years, and they do not provide a basis for reopening.

### NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[2] Although we find that we need not consider the appellant's argument based on *Perry*, we note that *Perry* itself would not change the outcome of the Board's decision in this appeal because *Perry* addresses only the procedural question of which Federal court has jurisdiction to review the Board's decisions in mixed cases. *Perry*, 582 U.S. at 422.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.